IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Logistica Solutions USA Inc. and Logistica Solutions, Inc., | ) ) ) | Case No.: 2:23-cv-02605-RMG |
| Plaintiffs, | ) ) | |
| v. | ) ) | COMPLAINT |
| Titan LLC DBA Titan Global Logistics Partners, and Zachary A. Webb, | ) ) ) | |
| Defendants. | ) | |

## JURISDICTION

1. Plaintiff Logistica Solutions USA Inc. is a corporation with its principal place of business in Miramar, Florida.

2. Plaintiff Logistica Solutions, Inc. is a foreign corporation with its principal place of business in Quebec, Canada.

3. Upon information and belief, Defendant Titan LLC DBA Titan Global Logistics Partners is a limited liability company with its principal place of business in Franklin, Tennessee.

4. Upon information and belief, Defendant Zachary A. Webb is a citizen and resident of Charleston County, South Carolina.

5. The jurisdictional amount exceeds Seventy-Five Thousand Dollars ($75,000) because Plaintiffs seek contractual damages, reputational damages, treble damages, punitive damages, and other damages exceeding $75,000.

6. This Court, therefore, has jurisdiction under 28 U.S.C. §1332.

7. Venue is proper in the Charleston Division because Defendant Webb is a resident of Charleston County, South Carolina, and some or all of the acts complained of herein occurred in Charleston County, South Carolina.

## FACTS

8. On or about January 4, 2021, Plaintiffs and Defendants entered a Sales Agent Agreement ("Agreement"), whereby Defendants agreed to engage Defendant Titan, LLC to sell products and services related to Plaintiffs' business to customers and to provide other services in accordance with the terms of the business. Defendant Zachary Webb entered the Agreement as a co-signer for Titan LLC and Defendant Webb is a party to the Agreement, and Defendants Webb and Titan are independently liable for the debts and damages set forth herein.

9. Under the terms of the Agreement, Plaintiffs advanced certain amounts totaling at least $25,000.20 to Defendants.

10. Per Article IV, Section 4.6 of the Agreement, the advance amount is offset each payment period by "Net Commissions" earned during each period.

11. Under the terms of the Agreement, amounts advanced to Defendants which are not offset by Net Commissions may become due to be returned to Plaintiffs as chargebacks.

12. At present, exclusive of fees and costs incurred in seeking payment and exclusive of any other debts owed, and exclusive of future chargebacks which may become due under the Agreement, at least $21,849.69 in chargebacks are owed by Defendants to Plaintiffs.

13. In addition, Plaintiffs have been forced to incur attorney's fees to collect and/or enforce payment of Defendants indebtedness, and under the terms of the Agreement, Plaintiffs are entitled to reimbursement of attorney's fees incurred in collecting or enforcing payment of Defendants' indebtedness.

14. Further, Plaintiffs have failed to adhere to other terms and provisions as required by the Agreement, damaging Plaintiffs' relationship and business relations with clients, potential clients, and others in the community.

15. Plaintiff's acts have tarnished Defendant's reputation.

16. Upon information and belief, jurisdiction is proper in this court and venue is proper in Charleston County.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

17. The allegations contained in the above paragraphs, to the extent they are not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

18. The Agreement constitutes a valid and enforceable contract between Plaintiffs and Defendants.

19. Under the terms of the Agreement, Plaintiffs agreed to provide monetary advances to Defendants to be offset by Net Commissions earned by Plaintiffs.

20. Defendants assumed responsibilities and duties under the Agreement, including but not limited to the duty to pay back monetary advances issued by Plaintiffs to the extent the advances were not offset by Defendants' Net Commissions.

21. Defendants have failed to pay amounts owed to Defendants as chargebacks when those amounts were due.

22. Further, upon information and belief, Defendants have engaged in actions, representations, or failures to act which have damaged the reputation of the Plaintiffs and its services, including making statements and engaging in actions that have compromised Plaintiffs' relationships and business relations with clients, resulting in loss of income and business prospects to Plaintiffs.

23. For these reasons and for other reasons to be discovered, Defendants breached their responsibilities and duties under the agreement.

24. As a result of the aforementioned breaches, Plaintiffs have incurred and will continue to incur, direct and consequential damages, together with attorney's fees and other costs incurred in defending this action.

25. Plaintiffs are entitled to actual and consequential damages in an amount to be determined at trial.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract Accompanied by a Fraudulent Act)**

26. The allegations contained in the paragraphs above, to the extent they are not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

27. For purposes of this counterclaim the Agreement constitutes a valid and enforceable contract between Plaintiffs and Defendants.

28. Defendants breached the Agreement including as set forth in Paragraphs 31-37.

29. Defendants knew that they were breaching the contract, that they were withholding payments owed, and that they were committing acts damaging the Plaintiffs' reputation.

30. By engaging in these and other acts, Defendants engaged in dishonesty in fact and unfair dealing, and further unlawfully appropriated the funds owed by Defendants to Plaintiffs.

31. As a result, Plaintiffs have incurred and will continue to incur direct and consequential damages, together with attorney's fees and other costs incurred in defending this action.

32. Plaintiffs are entitled to actual and consequential damages in an amount to be determined at trial.

## FOR A THIRD CAUSE OF ACTION
(Quantum Meruit)

33. The allegations contained in the paragraphs above, to the extent they are not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

34. Pursuant to the Agreement, Plaintiffs conferred benefits on Defendant by providing cash advances, commissions, services, training, supplies, materials, and other benefits, including benefits described in the Agreement.

35. Defendants realized the benefits conferred upon them by Plaintiffs in the form of cash advances, commissions, services, training, supplies, materials, and others, including benefits described in the Agreement, without providing full payment of chargebacks and without abiding by the terms of the Agreement.

36. Defendants accepted the advances, commissions, services, training, supplies, materials, and other benefits, the retention of which benefits is unjust in light of Defendants' failure to abide by the terms of the Agreement and in light of Defendants failure to pay amounts due to Plaintiffs.

## FOR A FOURTH CAUSE OF ACTION
(Unfair Trade Practices Act Violations)

37. The allegations contained in the paragraphs above, to the extent they are not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

38. Defendants have committed and continue to commit unfair and/or deceptive trade practices, including as set forth above, in violation of S.C. Code Ann. § 39-5-10 et. seq. (the "Unfair Trade Practices Act").

39. Defendants will continue to use improper methods, including those cited herein, to harm Plaintiffs to Defendants' benefit.

40. Defendants' activities occurred in pursuit of a business activity and therefore in the stream of commerce as defined under South Carolina law.

41. Defendants' actions have affected commerce because they adversely and substantially affect business activity.

42. Defendants' actions adversely impact the public interest.

43. Defendants' actions have the potential for repetition.

44. Defendants' actions were knowing, willful, intentional, and/or malicious, and these actions constitute unfair and deceptive acts, practices, and unfair methods of competition in violation of the Unfair Trade Practices Act.

45. Therefore, Plaintiffs are entitled to recover actual damages under the Unfair Trade Practices Act.

46. Defendant further seeks pursuant to the Unfair Trade Practices Act an award of three times actual damages, reasonable attorneys' fees and costs, and any other relief as this Court deems necessary and proper.

**WHEREFORE**, the Plaintiffs pray for actual damages, treble damages, and punitive damages; for attorneys' fees and costs; for prejudgment interest; and for such other and further relief this Court deems just and proper.

        Respectfully submitted,

        **SWEENY, WINGATE & BARROW, P.A.**

        <u>s/Brandon R. Gottschall</u>
        Kenneth B. Wingate, Fed. I.D. No.: 5135
        Brandon R. Gottschall, Fed. I.D. No.: 12201
        Sweeny, Wingate & Barrow, P.A.
        Post Office Box 12129
        Columbia, SC  29211
        (803) 256-2233

        **ATTORNEYS FOR PLAINTIFFS**

Columbia, South Carolina

June 9, 2023